MR. JUSTICE GULBRANDSON,
dissenting:
*34 I respectfully dissent.
The majority has, in effect, ruled that as a matter of law Goodfellow did not have the ability to anticipate that concrete would not be available at the job site. In my view, the record is clear that at the time Goodfellow executed the supplemental agreement on November 6, 1972, Matelich’s 270 day construction period had already ended. It is also clear that Matelich had not entered a subcontract with O’Conner, but was relying on a bid proposal from O’Conner dated November 5, 1970, which was conditioned upon concrete being available at the job site. O’Conner testified that his bid proposal would have been good through the 1971 period. When he was asked by Matelich to perform the final concrete work in September, 1973, he advised Matelich that his quoted figures were no longer adequate, and he and his crew were then employed by Matelich to complete the work. O’Conner had no legal obligation of any kind to Goodfellow, and Goodfellow was not aware of the conditional language in O’Conner’s proposal to Matelich.
In my opinion, Goodfellow, in November, 1972, having negotiated the supplemental agreement for additional services, for which Good-fellow was to receive an additional $624,418, knew that the concrete work had to be performed as the last stage of the project. Goodfellow also would have known that all other concrete projects in the area had been completed and there was no reasons for a concrete batch plant operation to remain in the area.
I would, therefore, affirm the judgment of the trial judge that Goodfellow was not entitled to recover from the State of Montana.